IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LOSIE THIERRY** | * | |
| | * | |
| PLAINTIFF | * | CIVIL ACTION NO. _____ |
| vs. | * | |
| | * | |
| **ESCORT ENTERPRISES, INC. D/B/A** | * | **COMPLAINT AND** |
| **CONSUMERS AUTO SALES** | * | **DEMAND FOR JURY TRIAL** |
| | * | |
| DEFENDANT | * | |

# COMPLAINT

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for defendant's violations of the Credit Repair Organizations Act, 15 U.S.C. § 1679, *et seq.* (hereinafter "CROA"), which prohibits persons from making untrue or misleading statements about a consumer's creditworthiness, credit standing or credit capacity to an actual or potential creditor, and under the Equal Credit Opportunity Act (hereinafter "ECOA"), 15 U.S.C. § 1691, *et seq.*, and implementing Federal Reserve Board regulations, 12 C.F.R. part 202.9 ("Regulation B") promulgated pursuant thereto, which requires accurate notification of a decision on credit applications.

## II. JURISDICTION

2. Jurisdiction of this court arises under 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. § 1679, and 1691.

## III. PARTIES

3. Plaintiff, Losie Thierry (hereinafter referred to as "plaintiff" or "Mrs. Thierry") is a natural person who resides in East Baton Rouge Parish, Louisiana, and is a "consumer" as defined by 15 U.S.C. § 1679a(1) and an applicant as defined by 15 U.S.C. § 1691a(b) of the

ECOA..

4. Defendant, Escort Enterprises, Inc. d/b/a Consumers Auto Sales (hereinafter "Consumers" "defendant," or "dealer"), located, domiciled, and doing business in East Baton Rouge Parish, Louisiana. Escort Enterprises, Inc. d/b/a Consumers Auto Sales is made a defendant herein and whose registered agent for service of process is James Escort, 10504 Clearview Avenue, Baton Rouge, Louisiana 70811.

## IV. FACTUAL ALLEGATIONS

5. On January 15, 2008, plaintiff applied for credit through defendant for the purpose of purchasing a 2006 Hyundai Elantra from defendant.

6. In conjunction with this application, defendant took a credit application from Mrs. Thierry, which it later forwarded to Santander Consumer USA Inc. ("Santander") for the purpose of determining whether Santander would purchase the contract executed by Ms. Thierry.

7. Mrs. Thierry provided accurate income information to defendant for this application, which reflected that she worked at her job 74 hours every two weeks.

8. Defendant told Mrs. Thierry that her credit application was approved, accepted a trade-in of Mrs. Thierry's 1997 Geo Prizm towards the purchase price of the 2006 Hyundai Elantra, and permitted Mrs. Thierry to leave defendant's place of business in the 2006 Hyundai Elantra.

9. Defendant increased plaintiff's income on the credit application to reflect that she worked 80 hours every two weeks, thereby inflating her income, and submitted this to Santander.

10. Thereafter, Santander contacted Ms. Thierry and specifically asked about her income, to which Ms. Thierry truthfully told Santander that she worked at her job 74 hours every two weeks, which was less than that provided to Santander by defendant.

11. Santander decided to not purchase the retail installment contract executed by Ms. Thierry from defendant based upon it learning of the accurate income for Ms. Thierry.

12. Section 1679b(a)(1) of the United States Code prohibits any person from making an untrue or misleading statement about a consumer's creditworthiness, credit standing or credit capacity to an actual or potential creditor.

13. Defendant violated Section 1679b(a)(1) of the United States Code when it changed her income information on plaintiff's credit application and submitted it to Santander Consumer USA, Inc.

14. Defendant thereafter came to plaintiff's place of employment and removed the 2006 Hyundai Elantra from the premises, stranding plaintiff at her work.

15. Defendant later denied doing this and claimed it was done by Santander.

16. Ms. Thierry had personal items in the vehicle, including $500 in cash, which defendant refused to return to her.

17. Defendant never returned the 1997 Geo Prizm to plaintiff nor did it ever pay her for this vehicle.

18. Section 202.9 of Federal Reserve Board Regulation B requires a creditor to provide notice to an applicant, such as Ms. Thierry, of a decision on a credit application.

19. When defendant informed Ms. Thierry that she was approved for the financing of the 2006 Hyundai Elantra, this was false since no decision had been made on her application, rather, she was denied credit by Santander thereafter, which resulted in the defendant picking up the vehicle without any authority or permission from Ms. Thierry.

20. Plaintiff has suffered actual damages and injury, including, but not limited to,

stress, humiliation, anxiety, extreme mental anguish and suffering, emotional distress, the value of the 1997 Geo Prizm, and loss of the $500 and other personal items, for which she should be compensated in an amount to be proven at trial.

WHEREFORE, plaintiff respectfully requests that the Court grant the following relief in her favor and against Defendant, Escort Enterprises, Inc., for:

(a) actual damages as to the ECOA claim;

(b) actual damages as to the CROA claim;

(c) injunctive and declaratory relief pursuant to 15 U.S.C. § 1691e(c);

(d) punitive damages as to the ECOA claim pursuant to 15 U.S.C. § 1691e(b);

(e) punitive damages as to the CROA claim;

(f) attorney's fees pursuant to 15 U.S.C. § 1691e(d);

(g) attorney's fees pursuant to 15 U.S.C. § 1679g(a)(3);

(h) costs; and

(i) for such other and further relief as may be just and proper.

A JURY TRIAL IS DEMANDED.

s/Garth J. Ridge
**GARTH J. RIDGE**
Attorney for Plaintiff
Bar Roll Number:  20589
251 Florida Street, Suite 301
Baton Rouge, Louisiana 70801
Telephone Number:  (225) 343-0700
Facsimile Number: (225) 343-7700
E-mail: GarthRidge@aol.com